**Michael Fuller, OSB No. 09357**
Of Attorneys for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570


UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 16-60906-tmr7 |
| **David and Lindsey Mason,** | Adv. Proc. No. |
| Debtors. | **COMPLAINT** |
| | 11 U.S.C. § 523(a)(8) |
| **David and Lindsey Mason,** | |
| Plaintiffs, | |
| v. | |
| **United States Department of Education, Oregon State University, Discover Financial Services, Inc., Navient Solutions, LLC, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-2,** and **National Collegiate Student Loan Trust 2006-3,** | |
| Defendants. | |

**COMPLAINT** – Page 1 of 7

1.

## INTRODUCTION

Plaintiffs file this action under 11 U.S.C. § 523(a)(8) through their pro bono attorneys on referral from Legal Aid Services of Oregon. Plaintiffs estimate that their student loans exceed $300,000. Mr. Mason is a disabled veteran of the United States military. His income consists solely of disability benefits, food stamps, and other government assistance. Mrs. Mason has a high school diploma and works part-time earning $13 per hour. Plaintiffs work as much as they can in and out of the home while raising their two children ages 7 and 9.

2.

The National Collegiate Student Loan Trust defendants recently filed three separate lawsuits against plaintiffs in state court. Plaintiffs can't afford to live if their bank accounts and Mrs. Mason's wages are subjected to garnishment for the next 20 years.

3.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1334 because this complaint arises under Title 11. Venue is proper because plaintiffs reside in Albany, Oregon.

**COMPLAINT** – Page 2 of 7

4.

Plaintiffs filed bankruptcy under Chapter 7 of Title 11 on March 29, 2016 in case number 16-60906-tmr7 in the District of Oregon. Plaintiffs' alleged debts to defendants are collectively referred to as their "student loans" in this complaint, though plaintiffs dispute that the alleged debts are excepted from discharge under 11 U.S.C. § 523(a)(8). Only after defendants meet their burden to establish their alleged debts are excepted from discharge under 11 U.S.C. § 523(a)(8), plaintiffs intend to prove at trial that excepting such debts from discharge would impose an undue hardship on them.

5.

Defendant United States Department of Education is an agency of the United States. Defendant Oregon State University is a public Oregon university. Defendant Discover Financial Services, Inc. is a Delaware corporation. Defendant Navient Solutions, LLC is a Delaware company. Defendants National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2006-3 are Delaware statutory trusts.

**COMPLAINT** – Page 3 of 7

6.

**NATURE OF CLAIM**

Plaintiffs' claim is a core proceeding under 28 U.S.C. § 157(b)(2) and plaintiffs consent to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding. This complaint's allegations are based on personal knowledge as to plaintiffs' own conduct, and are made on information and belief as to the acts of others.

7.

**FACTUAL ALLEGATIONS**

Plaintiffs have no money left over each month to pay their student loans, and their money problems aren't going to get any better in the future. Over the years, if plaintiffs ever had extra money, they put it towards their student loans. Plaintiffs can't maintain a minimal standard of living if required to repay their student loans. Plaintiffs' student loans are so large they will never pay them off. Plaintiffs' monthly expenses don't include tanning salons, gyms, new clothes, hairdressers, subscription games, alcohol or drugs. Plaintiffs contribute nothing towards retirement and have no savings. Plaintiffs haven't paid for any vacations after borrowing their student loans. Plaintiffs drive modest sedans from 1999 and 2003 that require repairs and will likely need to be replaced in the near future. Plaintiffs require reliable transportation to take their kids to school and to go to appointments

**COMPLAINT** – Page 4 of 7

with the doctor, the food stamp office, and the energy assistance office. Mr. Mason is disabled. Mrs. Mason never got a degree with her student loans, and doesn't have any special job skills. Everyone who lives with plaintiffs works as much as they can to help the family get by.

8.

Plaintiffs are not expecting any inheritance or gifts in the future. Plaintiffs haven't repaid other debts instead of their student loans. Plaintiffs rent a three-bedroom house and cannot take on additional roommates to increase their income. It would be unconscionable for this Court to require plaintiffs to reduce their expenses further than they have already reduced them. Plaintiffs have no assets they could sell to repay their student loans. Plaintiffs' monthly expenses continue to increase and their incomes don't keep up with the costs of living. Plaintiffs have made good faith efforts to repay their student loans to defendants but haven't had any disposable income. At all times relevant after leaving college, plaintiffs worked to maximize their income and minimize their expenses. Plaintiffs are not aware that they qualify for job training programs. Plaintiffs do not qualify for income-based repayment plan options on their private student loans lower than their current monthly payment amounts, which they can't afford.

**COMPLAINT** – Page 5 of 7

9.

## CAUSES OF ACTION

## CLAIM ONE

(Determination of Dischargeability – 11 U.S.C. § 523(a)(8))

Only after defendants meet their burden to establish their alleged debts are excepted from discharge under 11 U.S.C. § 523(a)(8), plaintiffs seek an order and judgment declaring that excepting defendants' debts from discharge would impose an undue hardship on them and their dependents.

10.

## CLAIM TWO

(Attorney Fees – ORS 20.096)

Under the terms of the alleged private student loan contracts, and under ORS 20.096, plaintiffs seek an award of their reasonable attorney fees incurred in this action with respect to defendants Discover Financial Services, Inc., Navient Solutions, LLC, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2006-3.

11.

**PRAYER FOR RELIEF**

**A.** Judgment declaring plaintiffs' debts to defendants are dis-

charged under 11 U.S.C. § 523(a)(8), and for costs,

**B.** Judgment against defendants Discover Financial Services,

Inc., Navient Solutions, LLC, National Collegiate Student

Loan Trust 2007-3, National Collegiate Student Loan Trust

2007-2, and National Collegiate Student Loan Trust 2006-3

for reasonable attorney fees, and

**C.** Any other equitable relief this Court may determine is fair

and just.

November 23, 2017

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Of Attorneys for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT** – Page 7 of 7